**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dwight CAMPBELL, Defendant–**
**Appellant.**

**No.  02–1206.**

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 2003.

Before RYAN, BATCHELDER, and LAY,* Circuit Judges.

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

## ORDER

Dwight Campbell, a pro se federal prisoner, appeals a district court order denying his motions to disqualify and his renewed Fed.R.Civ.P. 60(b) motion to reconsider the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 1997, Campbell pleaded guilty to conspiring to possess with intent to distribute and conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1). In February 1997, Campbell also pleaded guilty to aiding and abetting money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i). He was sentenced to a total of 186 months in prison. A panel of this court affirmed his convictions and sentence on direct appeal in *United States v. Campbell,* Nos. 98–1782/2174, 2000 WL 1597858 (6th Cir. Oct.19, 2000) (unpublished).

On February 15, 2001, Campbell filed a § 2255 motion, raising assorted issues. A magistrate judge recommended denying the motion on the merits, and the district court did so on August 30, 2001. Shortly thereafter on September 10, 2001, Campbell filed a motion requesting the court to set aside as premature its order, essentially arguing that his direct criminal appeal was pending in the Sixth Circuit. He also filed a Rule 60(b) motion on November 9, 2001, raising claims of legal error in the district court's decision. The district court denied the motions on January 18, 2002, and February 13, 2002, respectively, and declined to issue a certificate of appealability as to either.

Before the district court had ruled on Campbell's initial post-judgment motions, Campbell filed additional motions to disqualify the district court judge under 28 U.S.C. § 455 and to set aside as premature the judgment denying his § 2255 motion. The district court denied these motions on January 25, 2002, and it is from this order that Campbell now appeals.

On appeal, Campbell argues that the district court judge and magistrate judge should have recused themselves. In particular, Campbell argues that the district court judge exhibited bias by accepting the magistrate judge's recommendation to deny the § 2255 motion over Campbell's objections that the magistrate judge had made "false allegations" in the report. Campbell also challenges his conviction and sentence, requests oral argument, and moves for miscellaneous relief.

As an initial matter, we decline to review Campbell's challenges on appeal to his conviction and sentence. Such arguments are more properly raised either in a direct criminal appeal or in a § 2255 motion to vacate, set aside, or correct sentence, rather than on appeal from a miscellaneous motion. We also decline to consider whether the magistrate judge should have recused himself as Campbell did not raise this issue in the district court. *See In re Eagle–Picher Indus., Inc.,* 963 F.2d 855, 862–63 (6th Cir.1992) (court declined to consider newly raised issue of whether bankruptcy judge should have recused himself).

Upon review of the remaining matters, we conclude that the district judge did not abuse his discretion by failing to recuse himself under 28 U.S.C. § 455. *See United States v. Hartsel,* 199 F.3d 812, 815 (6th Cir.1999). Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which

his impartiality might reasonably be questioned." The judge must recuse himself only " 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." ' *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir.1990) (quoting *Hughes v. United States,* 899 F.2d 1495, 1501 (6th Cir.1990)). The judge need not recuse himself under § 455(a) based on the subjective view of a party, no matter how strongly that view is held. *Sammons,* 918 F.2d at 599. Subsection 455(b) lists five specific circumstances in which a judge must recuse himself, only the first of which, involving "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," is raised by Campbell. Although the Supreme Court no longer views the presence of an extrajudicial source for the alleged bias or prejudice as an exclusive test for judging the merits of a recusal motion, it still is considered as a factor in determining bias or prejudice. *Liteky v. United States,* 510 U.S. 540, 551, 554–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

The example of "bias" offered by Campbell fails to meet the above standards for recusal. The thrust of Campbell's brief is that he is dissatisfied with the district court's rulings in his criminal case and during § 2255 proceedings. Judicial rulings will almost never serve as a valid basis for recusal and are most often simply grounds for appeal. *Id.* at 555, 114 S.Ct. 1147.

Accordingly, the request for oral argument is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.